UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MATTHEW CATANZARO,

        Plaintiff,

v.                              CASE NO. 5:08-CV-15126
                               HONORABLE JOHN CORBETT O'MEARA

PATRICIA CARUSO, et al.,

        Defendants.
_____/

**OPINION AND ORDER OF PARTIAL SUMMARY DISMISSAL
AND TRANSFER TO THE WESTERN DISTRICT OF MICHIGAN**

**I.    Introduction**

Matthew Catanzaro ("Plaintiff"), a state prisoner presently confined at the St. Louis Correctional Facility in St. Louis, Michigan, has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 alleging that his constitutional rights have been violated while had has been confined at several state prisons. In his complaint, Plaintiff names 33 individuals who are Michigan Department of Corrections officials or employees as defendants in this civil rights action. Thirty-two of the defendants are based in the Western District of Michigan and one, Bruce Curtis, warden of the Cooper Street Correctional Facility in Jackson, Michigan, is based in the Eastern District of Michigan. Plaintiff's claims concern environmental conditions (exposure to smoke and paint chips), his prison work detail in relation to a back injury, his right of access to the courts, and retaliation. Plaintiff seeks monetary damages and injunctive relief.

Having reviewed the complaint, the Court now dismisses it, in part, for failure to state a

1

claim against Bruce Curtis, the only defendant based in the Eastern District of Michigan, and transfers the case to the United States District Court for the Western District of Michigan for further proceedings.

## II.     Discussion

Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) ("PLRA"), the Court is required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915A.  A complaint is frivolous if it lacks an arguable basis either in law or in fact.  *See Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

The Court recognizes that a *pro se* complaint should be held to a "less stringent standard" than one drafted by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).  Even a *pro se* complaint, however, must plead facts sufficient to show a legal wrong has been committed for which the plaintiff may be granted relief.  To state a federal civil rights claim, a plaintiff must show that:  (1) the defendant is a person who acted under color of state or federal law, and (2) the defendant's conduct deprived the plaintiff of a federal right, privilege, or immunity.  *See Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Mueller v. Gallina*, 137 Fed. Appx. 847, 850 (6th Cir. 2005); *Brock v. McWherter*, 94 F.3d 242, 244 (6th Cir. 1996).

Although Plaintiff names Warden Bruce Curtis as a defendant in this action, he fails to allege any facts indicating that Warden Curtis was personally involved in any alleged unconstitutional conduct.  It is well-established that a civil rights plaintiff must allege the

personal involvement of a defendant to state a claim under 42 U.S.C. § 1983. *See Monell v. Department of Social Svs.*, 436 U.S. 658, 691-92 (1978); *Taylor v. Michigan Dep't. of Corrections*, 69 F.3d 716, 727-28 (6th Cir. 1995) (plaintiff must allege facts showing that defendant participated, condoned, encouraged, or knowingly acquiesced in alleged misconduct to establish liability). Furthermore, conclusory allegations are insufficient to state a civil rights claim under § 1983 – some factual basis for the claims must be set forth in the pleadings. *See Jackson v. Madery*, 158 Fed. Appx. 656, 659 (6th Cir. 2005); *Kensu v. Haigh*, 87 F.3d 172, 175-76 (6th Cir. 1996); *Lillard v. Shelby Co. Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996).

Plaintiff's only factual allegation against Warden Curtis is that he "failed to check accommodations before transfer of the Plaintiff" to another prison as required by a Michigan Department of Corrections Policy Directive. *See* Complaint, p. 2. However, the law is clear that to state a claim under 42 U.S.C. § 1983, a plaintiff must prove a violation of a federally secured right. Section 1983 does not provide redress for a perceived state law violation. *See Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995); *Sweeton v. Brown*, 27 F.3d 1162, 1166 (6th Cir. 1994); *Barber v. City of Salem*, 953 F.2d 232, 240 (6th Cir. 1992) (the failure to comply with an administrative rule does not by itself give rise to a constitutional violation); *see also McVeigh v. Bartlett*, No. 94-23347, 1995 WL 236687, *1 (6th Cir. April 21, 1995) (the failure to follow policy directive does not rise to the level of a constitutional violation because policy directives do not create protected interests). Additionally, to state a claim under § 1983, a plaintiff must allege that the deprivation of his rights was intentional. *See Davidson v. Cannon*, 474 U.S. 344, 348 (1986); *Daniels v. Williams*, 474 U.S. 327, 333-36 (1986). An "injury caused by negligence does not constitute a deprivation of any constitutionally-protected interest" and a claim that

3

officials have engaged in negligent conduct does not state a claim under §1983. *See Collins v. City of Harker Hgts.*, 503 U.S. 115, 127-28 (1992). Plaintiff has not set forth facts indicating that Warden Curtis' action (or inaction) was meant to cause him harm or was otherwise intentional in the constitutional sense. He has thus failed to state a claim for relief under § 1983 as to Warden Curtis and the complaint against him must be dismissed.

**III.    Conclusion**

Based upon the foregoing analysis, the Court concludes that Plaintiff has failed to state a claim upon which relief may be granted under 42 U.S.C. § 1983 as to Warden Bruce Curtis. Accordingly, the Court **ORDERS** that Plaintiff's complaint against defendant Warden Bruce Curtis is **DISMISSED WITH PREJUDICE**.

Given this dismissal, the Court further concludes that this case should be transferred to the United States District Court for the Western District of Michigan. The proper venue for civil actions in which jurisdiction is not based on diversity of citizenship is the judicial district where: (1) any defendant resides if all defendants reside in the same state; (2) a substantial part of the events or omissions giving rise to the claim occurred or a substantial part of the property in question is situated; or (3) any defendant may be found if there is no other district in which plaintiff may bring the action. *See* 28 U.S.C. § 1391(b). Public officials "reside" in the county where they serve. *See O'Neill v. Battisti*, 472 F.2d 789, 791 (6th Cir. 1972). Additionally, a district court may transfer a civil action to any other district where it might have been brought for the convenience of the parties and witnesses, in the interest of justice. *See* 28 U.S.C. § 1404(a).

The United States District Court for the Western District of Michigan is the proper venue

4

and more convenient forum for this action.  The remaining defendants reside in Ingham, Ionia, Montcalm Counties for purposes of this complaint and the events giving rise to the complaint occurred in those counties.  Ingham, Ionia, and Montcalm Counties lie in the Southern Division of the Western District of Michigan.  *See* 28 U.S.C. § 102(b)(1).  Accordingly, the Court **ORDERS** the Clerk of the Court to transfer this case to the United States District Court for the Western District of Michigan.  *See* 28 U.S.C. §§ 1391(b) and 1404(a).

Lastly, the Court concludes that an appeal from this order would be frivolous and therefore cannot be taken in good faith.  *See* 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

**IT IS SO ORDERED**.[1]


s/John Corbett O'Meara
United States District Judge


Date:  December 22, 2008


I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, December 22, 2008, by electronic and/or ordinary mail.


s/William Barkholz
Case Manager

---

[1] The Court makes no determination as to the merits of Plaintiff's claims against the remaining defendants.  The Court also has not resolved the issue of Plaintiff's failure to either pay the filing fee or submit an application to proceed without prepayment of the fee.  Such matters are best left to the assigned judge in the Western District.