UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MATTHEW CATANZARO,

    Plaintiff,

Case No. 1:09-CV-2

v.

HON. GORDON J. QUIST

MICHIGAN DEPARTMENT
OF CORRECTIONS, et. al.,

    Defendants.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

The Court has reviewed the Report and Recommendation filed by the United States Magistrate Judge in this action on November 24, 2009. The Report and Recommendation was duly served on the parties. In accordance with 28 U.S.C. § 636(b)(1), the Court has performed *de novo* consideration of those portions of the Report and Recommendation to which objection has been made. The Court finds the objections to be without merit.

Plaintiff alleges that Defendants violated his First Amendment right to be free from unlawful retaliation on several occasions. Defendants moved for summary judgment on Plaintiff's 42 U.S.C. § 1983 claims; however, in many instances, Defendants failed to support their motion with relevant evidence. The Magistrate Judge recommended that the Court grant summary judgment for Defendants Caruso and Tefft, and deny the remaining six Defendants' motion for summary judgment. The Court has received objections from Plaintiff and Defendants Booth, Stine, and McKendry.

**Defendants' Objections**

Defendants raise two objections. First, Defendant Booth argues (1) that a minor misconduct ticket regarding the March 19, 2008, incident does not provide a sufficient basis for § 1983 liability, and (2) consequently, any issue of fact is irrelevant. However, Defendant's citation to *Martin v. Stine*, 542 N.W.2d 884 (Mich. Ct. App. 1995), is inapposite because the issue here is not whether a minor misconduct violation constitutes a sufficient liberty interest for a due process claim. The relevant issue for this First Amendment retaliation claim is whether a minor misconduct violation would deter a person of ordinary firmness from continuing to engage in protected conduct. *See Thomas v. Eby*, 481 F.3d 434, 440 (6th Cir. 2007) (citation and quotation omitted). In the context of this case where Plaintiff has alleged multiple retaliatory misconduct violations by many prison officials, the Court finds that there is an issue of fact regarding whether the March 19, 2008, misconduct violation poses a sufficient deterrent threat to be actionable. *See Bell v. Johnson*, 308 F.3d 594, 603 (6th Cir. 2002) (stating that "in most cases, the question of whether an alleged retaliatory action poses a sufficient deterrent threat to be actionable will not be amenable to resolution as a matter of law."). Therefore, Defendant Booth's objection will be overruled.

Second, Defendants Stine and McKendry argue that they can thwart Plaintiff's retaliation claim arising from the August 14, 2008, search of his cell because they would have searched Plaintiff's cell even without Plaintiff filing a grievance against Stine. Defendants claim they searched Plaintiff's cell because "the faculty librarian believed Plaintiff was in possession of contraband." (Defs.' Objection at 3.) Although superficially persuasive, Defendants overlooked the fact that Defendant Stine was the librarian who reported the contraband. (Docket #58, Defs.' Ex. 8, Grievance ITF 2008-08-609-17g, at 4.) Therefore, summary judgment for Defendants is inappropriate because Plaintiff has raised an issue of fact regarding Defendants' motive for

searching his cell. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 399 (6th Cir. 1999).

**Plaintiff's Objections**

Plaintiff objects that the Magistrate Judge did not rule on Issues VI, VII, and XI of his cross-motion for summary judgment. To the extent that the Report and Recommendation did not explicitly address these issues, the Court will do so now.

In Issue VI, Plaintiff states that he has alleged specific facts showing Defendant Butler retaliated against him as part of the March 19, 2008, incident by placing adverse information in his file. The Court will deny Plaintiff's motion for summary judgment on Issue VI because there is an issue of fact regarding whether Butler's actions would deter a person of ordinary firmness from continuing to engage in protected conduct.

In Issue VII, Plaintiff states that he has shown a causal connection for his claim against Defendant Butler. While Plaintiff has presented some evidence on causation, Plaintiff has failed to establish that there is no genuine issue as to any material fact on this element. Therefore, Plaintiff's motion for summary judgment on Issue VII will be denied.

In Issue XI, Plaintiff states that he is entitled to either a default judgment or summary judgment against Defendants Butler and Stine. For the reasons stated above, Plaintiff's motion for summary judgment will be denied. Additionally, the Court will deny Plaintiff's request for a default judgment because Defendants have not failed to defend this suit. *See* Fed. R. Civ. P. 55(a).

Accordingly,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation (Docket # 78) is **APPROVED AND ADOPTED** as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendants' motion for summary judgment (docket #57) is **GRANTED IN PART AND DENIED IN PART**. Defendants' motion will be granted for

Defendants Caruso and Tefft and denied for Defendants Ball, Booth, Butler, McKendry, and Stine. Defendant Wolter's motion for summary judgment (docket #64) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for either a default judgment or summary judgment (docket #73) is **DENIED**.

Dated: January 14, 2010                                  /s/ Gordon J. Quist
                                                                     GORDON J. QUIST
                                          UNITED STATES DISTRICT JUDGE