UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


MATTHEW CATANZARO,

               Plaintiff,                           Hon. Gordon J. Quist

v.                                                Case No. 1:09-CV-2

MICHIGAN DEPARTMENT
OF CORRECTIONS, et al.,

               Defendants.

_____/

## REPORT AND RECOMMENDATION

        This matter is before the Court on Plaintiff's <u>Motion for Temporary Restraining Order and Preliminary Injunction</u>. (Dkt. #93). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Plaintiff's motion be **denied**.

        In his amended complaint, Plaintiff asserts a variety of claims against numerous defendants. (Dkt. #8). The majority of Plaintiff's claims have since been dismissed. (Dkt. #12, 78, 86). Plaintiff now moves for injunctive relief. Specifically, Plaintiff requests that the Court order that he be transferred to another facility which better suits his litigation needs. Plaintiff also asserts that a transfer is appropriate because "the likelihood of retaliation is strong."

        Injunctive relief is "an extraordinary remedy which should be granted only if. . .the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban County Gov't*, 305 F.3d 566, 573 (6th Cir. 2002). To obtain injunctive relief, Plaintiff must first show that he "is being threatened by some injury for which he has no adequate legal remedy." *Dana Corp. v. Celotex Asbestos Settlement Trust*, 251 F.3d 1107, 1118 (6th Cir. 2001) (citations omitted). If such is the case, the court must then

examine several factors: (1) whether the movant is likely to prevail on the merits, (2) whether the movant would suffer irreparable injury if the court does not grant the injunction, (3) whether a preliminary injunction would cause substantial harm to others, and (4) whether a preliminary injunction would be in the public interest. *See Samuel v. Herrick Memorial Hospital*, 201 F.3d 830, 833 (6th Cir. 2000).

Rather than prerequisites which must each be satisfied, the relevant factors, none of which are dispositive, are competing considerations to be weighed and balanced. *See Six Clinics Holding Corp., II v. Cafcomp Systems, Inc.*, 119 F.3d 393, 400 (6th Cir. 1997); *Michigan Bell Telephone Co. v. MFS Intelenet of Michigan, Inc.*, 16 F.Supp.2d 828, 831 (W.D.Mich. 1998). Ultimately, the decision whether to grant injunctive relief lies within the court's discretion. *See Dana Corp.*, 251 F.3d at 1118 (the "most significant single component" in the decision whether to grant injunctive relief "is the court's discretion") (citations omitted).

Plaintiff has failed to demonstrate that he has (or will) suffer any injury for which he has no legal remedy. Plaintiff has not established that he will (or is likely to) suffer irreparable injury in the absence of the requested relief. Finally, the Court finds that the public interest is not served by unnecessary judicial interference in the day-to-day operations of the MDOC.


## CONCLUSION

For the reasons articulated herein, the Court recommends that Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction, (dkt. #93), be **denied**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file

objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,


Date:  April 15, 2010                       /s/ Ellen S. Carmody              
ELLEN S. CARMODY
United States Magistrate Judge