UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MATTHEW CATANZARO,

       Plaintiff,

v.

MICHIGAN DEPARTMENT OF
CORRECTIONS, *et al.*,

       Defendants.
                                 /

Case No. 1:09-CV-2

HON. GORDON J. QUIST

## **ORDER ADOPTING REPORT AND RECOMMENDATION**

The Court has reviewed the Report and Recommendation filed by the United States Magistrate Judge in this action on April 15, 2010. The Report and Recommendation was duly served on the parties. In accordance with 28 U.S.C. § 636(b)(1), the Court has performed *de novo* consideration of those portions of the Report and Recommendation to which objection has been made. The Court finds Plaintiff's objections to be without merit.

Plaintiff moved for a temporary restraining order and a preliminary injunction, seeking a transfer to a facility that has a law library. Plaintiff claims that he will need more convenient access to a law library and copy services now that some of his claims have survived summary judgment. The Magistrate Judge denied Plaintiff's motion because he failed to show any injury.

Within eight days of the Magistrate Judge's Report and Recommendation, Plaintiff filed an affidavit and objections. Plaintiff's objections and supporting affidavit do not address the impetus of his original motion. Plaintiff originally sought an injunction ordering his transfer to another facility so that Plaintiff could adequately represent himself in this action. In his objections, however, Plaintiff digresses, claiming that prison officials (1) forced him to present his legal mail in an unsealed envelope, (2) read the mail, and (3) refused to mail it, all in violation of his First

Amendment rights. Plaintiff further alleges that the public interest would be served by allowing Plaintiff to litigate his claims without filing another suit and that the chronology in his affidavit shows that he will suffer irreparable injury.

The only objection relevant to the present motion is Plaintiff's claim that Defendants refused to mail his legal mail. But Plaintiff has failed to show any injury. Plaintiff has not missed any deadline and he has not presented any evidence that Defendants destroyed his mail other than a general statement in his affidavit that staff destroyed his mail in the past. Furthermore, Plaintiff did not present any evidence that Defendants failed to make copies of Plaintiff's legal materials in a timely manner. Finally, a cursory review of the record shows that Plaintiff has not had any difficulty pursuing his case or filing materials with the Court. Therefore, Plaintiff's motion will be denied.

Plaintiff's remaining objections are too general to permit review. *See Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) (stating that "a general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed."). Finally, to the extent Plaintiff believes he has a First Amendment claim against Defendants for interfering with his mail, Plaintiff must file a separate action because the claim does not arise from the same set of operative facts as this case. Accordingly,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation (docket no. 94) is **APPROVED AND ADOPTED** as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Plaintiff's motion for a temporary restraining order and a preliminary injunction (docket no. 93) is **DENIED**.

Dated: June 8, 2010               /s/ Gordon J. Quist
                                  GORDON J. QUIST
                                  UNITED STATES DISTRICT JUDGE