UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MATTHEW CATANZARO,

       Plaintiff,                                                Case No.  1:09-cv-2

v.                                                          HON. GORDON J. QUIST

MICHIGAN DEPARTMENT
OF CORRECTIONS, et al.,

       Defendants.
_____/

## MEMORANDUM ORDER ADOPTING REPORT AND RECOMMENDATION

On December 16, 2011, the Magistrate Judge issued a Report and Recommendation ("R & R") recommending that Defendants' Motion for Summary Judgment, (Dkt. #134), be granted; Defendant McKendry's Motion for Summary Judgment, (Dkt. #136), be denied; and Plaintiff's Cross Motion for Summary Judgment, (Dkt. #150), be denied.  (Dkt. #163.)  Plaintiff timely filed Objections to the R & R.  (Dkt. #170.)  "The district judge must determine *de novo* any part of the Magistrate Judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3).  After conducting a *de novo* review of the R & R, Plaintiff's Objections, and the pertinent portions of the record, the Court concludes that the R & R should be adopted.

    Objections 1 & 6

Plaintiff objects to the R & R's statement that "a finding of guilt based upon some evidence of a violation of prison rules essentially checkmates a retaliation claim."  (Pl.'s Objs. at 1, 4.)  Plaintiff contends that this finding is in error and he cites several cases that allegedly support the proposition that a guilty finding does not checkmate a retaliation claim.  (*Id.*)  Plaintiff made this argument to the Magistrate Judge in his Reply to Cross Motion for Summary Judgment.  (Dkt. #155 at 1.)

The R & R did not err by making this statement. The R & R's "finding" is a direct quote from a Sixth Circuit case. (R & R at 6 (quoting *Jackson v. Madery*, 158 F. App'x 656, 662 (6th Cir. 2005)).) None of the cases that Plaintiff cites refutes the R & R's analysis of this matter. One of the cases Plaintiff cites, *Taylor v. Lantagne*, 418 F. App'x 408 (6th Cir. 2011), supports the proposition that the general rule articulated in *Jackson* may be overcome if the prisoner introduces evidence that a prison official in question engaged in selective enforcement of the relevant prison rules and regulations. *Id.* at 413. Though, *Taylor* only said that a plaintiff pled sufficient facts to overcome the general rule. *Id.* However, as the R & R recognized, Plaintiff is no longer at the pleading stage. At this stage, summary judgment is appropriate if the defendant shows "that [he] would have taken the same action even without the protected activity." *Thomas v. Eby*, 481 F.3d 434, 441-42 (6th Cir. 2007). Defendants Booth and Wolter both put forth such evidence. Also, besides mere allegations, Plaintiff has not put forth any evidence to show that Defendants Booth or Wolter engaged in selective enforcement of the misconduct in which Plaintiff engaged.

Therefore, Plaintiff's objections will be overruled.

Objection 2

Plaintiff objects to the R & R's statement that "Plaintiff offers no evidence that Defendant Booth charged him with a misconduct violation for a retaliatory purpose." (Pl.'s Objs. at 1; R & R at 7.) Plaintiff contends that the Magistrate Judge erred because Plaintiff's sworn complaint, cross motion for summary judgment, and exhibits "show a clear causal connection" between Defendant Booth's adverse action and Plaintiff's protected conducted.

The R & R did not err. To be clear, the R & R said that Plaintiff offered no evidence "[a]side from assertions of 'bare allegations of malice.'" (R & R at 7 (citing *Thaddeus-X v. Blatter*, 175 F.3d 378, 399 (6th Cir. 1999) (stating that "bare allegations of malice" are insufficient to state a constitutional claim)).) Upon review of the evidence, this Court agrees that Plaintiff has not offered any evidence besides bare allegations of malice. Therefore, Plaintiff's objection will be overruled.

2

Objection 3

Plaintiff alleges that the R & R overlooked two cases standing for the proposition that disparate treatment of similarly situated individuals is appropriate to show a causal connection for retaliatory purposes. (Pl.'s Objs. at 2.) The two cases that Plaintiff cites are not at odds with the R & R. Additionally, the R & R addressed Plaintiff's argument that Defendant Booth is not entitled to summary judgment because he has allegedly engaged in selective enforcement of the prison rule in question. (R & R at 7-10.) As discussed in Objection One, *supra*, the R & R's analysis of this issue with respect to Defendant Booth is correct.

Objection 4

Plaintiff objects to the R & R's statement that Plaintiff acknowledged that he was guilty of the misconduct violation in question–i.e., that he "acknowledge[d] that the grievance in question was 'typed on the back of the catalog order form.'" (Pl.'s Objs. at 3; R & R at 6.) Plaintiff contends that he never admitted to *typing* on the back of a catalog order form. The R & R does not make this statement. The R & R says that Plaintiff acknowledged that the grievance in question, submitted by Plaintiff, was typed on the back of a catalog order form; it does not state who actually typed it. After all, the "misuse of property" misconduct violation resulted from Plaintiff *submitting* the grievance using a catalog order form, which is not the intended use of the form and is also what Plaintiff admitted to doing. Therefore Plaintiff's objection is overruled.

Objection 5

Plaintiff objects to the R & R's statement that "Plaintiff enjoys no constitutional right to disobey legitimate prison rules and regulations." (Pl.'s Objs. at 3; R & R at 10.) Plaintiff's objection is overruled because the R & R's statement is accurate. *See e.g., Turner v. Safley*, 482 U.S. 78, 89, 107 S. Ct. 2254, 2261 (1987) (holding that "when a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests").

3

Objection 7

Plaintiff objects to the R & R's statement that "[a]s for Plaintiff's claim that he was fired from his job as a porter for retaliatory purposes, the result is the same." (Pl.'s Objs. at 4; R & R at 16.) Plaintiff argues that the record shows a genuine issue for trial because Defendant Wolter's supervisor's finding that Defendant Wolter had violated policy and reinstated Plaintiff's job as a porter shows that Defendant Wolter acted for a retaliatory purpose. (Pl.'s Objs. at 4.)

Plaintiff's objection is overruled because Defendant Wolter did not have the authority to terminate Plaintiff's job assignment. Also, Plaintiff does not allege that the person who terminated his position did so based on retaliation. Moreover, Defendant Wolter put forth evidence, including Plaintiff's admission, to establish that Plaintiff was guilty of the misconduct violation in question. Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued December 16, 2011 (Dkt. #163) is **ADOPTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Objections (Dkt. #170) are **OVERRULED**.

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment (Dkt. #134) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant McKendry's Motion for Summary Judgment (Dkt. #136) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Cross Motion for Summary Judgment (Dkt. #150) is **DENIED**.

Dated:  January 30, 2012                              /s/ Gordon J. Quist
                                                      GORDON J. QUIST
                                                      UNITED STATES DISTRICT JUDGE